LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ORLANDO MARTINEZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

    Plaintiff,

    v.

PORTA BELLA GROUP LLC,
PORTA BELLA, INC.,
PORTA BELLA HOLDING CO., INC.,
PORTA BELLA BUYING LLC,
PORTA BELLA CAPITAL, INC.,
PORTA BELLA BUYING OFFICE, INC.,
PORTA BELLA THIRD AVENUE LLC,
PORTA BELLA PR, INC.,
PORTA BELLA PITKIN LLC,
PORTA BELLA BURNSIDE LLC,
PORTA BELLA 350, LLC,
PORTA BELLA 259 FORDHAM LLC,
PORTA BELLA 18 EAST 125 LLC,
PORTA BELLA 118 LLC,
PORTABELLA OF PARKCHESTERLLC,
PORTABELLA OF JAMAICA AVENUE, LLC,
PORTABELLA JEROME LLC,
PORTABELLA JAMAICA 162, LLC,
PORTABELLA BRUCKNER LLC,
PORTABELLA 366 FULTON LLC,
PORTABELLA 308 UTICA, LLC,
PORTA BELLA PAYROLL LLC,

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

1

PORTA BELLA NEW YORK LLC,
PORTA BELLA 9304 LLC,
PORTA BELLA 7510 ROCKWAY LLC,
PORTA BELLA 709 LEXINGTON LLC,
PORTA BELLA 243 LLC,
PORTA BELLA 164 JAMAICA LLC,
PORTA BELLA 82 LLC,
KHALED ASHMAWY and NASIMA [LNU],

      Defendants.

Plaintiff, ORLANDO MARTINEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, PORTA BELLA GROUP LLC, PORTA BELLA, INC., PORTA BELLA HOLDING CO., INC., PORTA BELLA BUYING LLC, PORTA BELLA CAPITAL, INC., PORTA BELLA BUYING OFFICE, INC., PORTA BELLA THIRD AVENUE LLC, PORTA BELLA PR, INC., PORTA BELLA PITKIN LLC, PORTA BELLA BURNSIDE LLC, PORTA BELLA 350, LLC, PORTA BELLA 259 FORDHAM LLC, PORTA BELLA 18 EAST 125 LLC, PORTA BELLA 118 LLC, PORTABELLA OF PARKCHESTER LLC, PORTABELLA OF JAMAICA AVENUE, LLC, PORTABELLA JEROME LLC, PORTABELLA JAMAICA 162, LLC, PORTABELLA BRUCKNER LLC, PORTABELLA 366 FULTON LLC, PORTABELLA 308 UTICA, LLC, PORTA BELLA PAYROLL LLC, PORTA BELLA NEW YORK LLC, PORTA BELLA 9304 LLC, PORTA BELLA 7510 ROCKWAY LLC, PORTA BELLA 709 LEXINGTON LLC, PORTA BELLA 243 LLC, PORTA BELLA 164 JAMAICA LLC, PORTA BELLA 82 LLC,  ("Corporate Defendants") and KHALED ASHMAWY and NASIMA [LNU] ("Individual Defendants", and collectively with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, and others similarly situated, are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation due to 1 time-shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ORLANDO MARTINEZ, is a resident of Bronx County, New York.

6. Each Corporate Defendant is a domestic business corporation organized under the laws of New York. Corporate Defendants' addresses for service of process are listed in **EXHIBIT 1**.

7. Corporate Defendants operate a chain of men's clothing stores under the trade name "Porta Bella" and "Fino." Corporate Defendants owned and/or operated each of the Porta Bella and Fino clothing stores throughout New York state and New Jersey, which include 31 locations in New York State and one location New Jersey State listed in **EXHIBIT 2** (herein the "Porta Bella Stores").

8. Corporate Defendants employ FLSA Collective Plaintiffs and Class members under a common wage and hour policy.

9. Individual Defendant, KHALED ASHMAWY is the owner and/or Chief Executive Officer of Corporate Defendants. KHALED ASHMAWY exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. KHALED ASHMAWY had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to KHALED ASHMAWY regarding any of the terms of their employment, and KHALED ASHMAWY would have the authority to effect any changes to the quality and terms of employees' employment. KHALED ASHMAWY ensured that employees effectively serve customers and that the business is operating efficiently and profitably. KHALED ASHMAWY exercised functional control over the business and financial operations of each of the Porta Bella Stores affiliated with or controlled by Corporate Defendants. KHALED ASHMAWY had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

10. Individual Defendant, NASIMA [LNU] is a principle of Corporate Defendants. NASIMA [LNU] exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. NASIMA [LNU] had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to NASIMA [LNU] regarding any of the terms of their employment, and NASIMA [LNU] would have the authority to effect any changes

to the quality and terms of employees' employment. NASIMA [LNU] ensured that employees effectively serve customers and that the business is operating efficiently and profitably. NASIMA [LNU] exercised functional control over the business and financial operations of each of the Porta Bella Stores affiliated with or controlled by Corporate Defendants. NASIMA [LNU] had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

11. The Porta Bella Stores operate as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose.

   a. KHALED ASHMAWY is the Chief Executive Officer of each of the Porta Bella Stores.

   b. Supplies and employees are freely interchangeable among the Porta Bella Stores in New York State.

   c. All employees are paid by the same payroll methods, and checks are paid by the same corporate entity, PORTA BELLA PAYROLL LLC.

   d. The Porta Bella Stores are advertised jointly as a common enterprise on Defendants' website: http://portabellastores.com (the "Website"). There is a list of all the locations of the Porta Bella Stores in the "Find A Store" section of the website (*See* **EXHIBIT 3** – Website Find A Store Section).

   e. Prospective employees can use the Website to apply for a job at any Porta Bella Stores, by sending resume to the same email address or using the same "contact us" form (*See* **EXHIBIT 4** – Website Join Our Team Section).

   f. The Porta Bella Stores are operated under common ownership and management. (See **EXHIBIT 5**, Website "About Us Section," which states

"over 40 locations to serve you," and "we also operate the Fino, Quails and Britches stores…"

12. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees including cashiers, stocking clerks, tailors, sales associates, security guards, among others, employed by Defendants at each of the Porta Bella Stores in New York State, on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the minimum wage and overtime compensation due to time-shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cashiers, stocking clerks, tailors, sales associates, security guards, among others, employed by Defendants at each of the Porta Bella Stores in New York on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout New York State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

 a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

 b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

 c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

 d) Whether Defendants paid Plaintiff and Class members for all hours worked given Defendants' policy of time-shaving;

 e) Whether Defendants paid employees proper overtime compensation for all hours worked over forty (40);

f) Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law; and

g) Whether Defendants provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

## STATEMENT OF FACTS

25. In or about May 2006, Plaintiff, ORLANDO MARTINEZ, was hired by Defendants to work as a tailor for Defendants' Porta Bella Stores. Plaintiff worked there until in or about February 2018, when he was discharged by the Defendants. During Plaintiff's employment with Defendants, he did not have a permanent work location. Every few days Plaintiff was transferred to a different Porta Bella Store location to continue to work as a tailor. During Plaintiff's employment, Plaintiff worked at all of Defendants' store locations listed in Exhibit 2.

26. Based on Plaintiff ORLANDO MARTINEZ's direct observations and conversations with other co-workers, all FLSA Collective Plaintiffs and Class members often interchange between different Porta Bella Store locations.

27. During Plaintiff ORLANDO MARTINEZ's employment with Defendants, he regularly worked for forty (40) hours per workweek. Specifically, Plaintiff ORLANDO MARTINEZ was scheduled to work four (4) days per week, from 10:00 a.m. to 8:00 p.m. Plaintiff occasionally worked over forty (40) hours per week.

28. Throughout Plaintiff ORLANDO MARTINEZ's employment, he always received his compensation on an hourly basis at the New York minimum wage rate such that:

10

    a) From January 1, 2013 until December 31, 2013, he received a base hourly rate of $7.25, for the hours worked;

    b) From January 1, 2014 until December 31, 2014, he received a base hourly rate of $8.00, for the hours worked;

    c) From January 1, 2015 until December 31, 2015, he received a base hourly rate of $8.75, for the hours worked;

    d) From January 1, 2016 until December 31, 2016, he received a base hourly rate of $9.00, for the hours worked;

    e) From January 1, 2017 until December 31, 2017, he received a base hourly rate of $11.00 for the hours worked.

    f) From January 1, 2018 until February 2018, he received a base hourly rate of $13.00 for the hours worked.

29. Based on Plaintiff ORLANDO MARTINEZ's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class members worked similar schedules and received similar hourly rates.

30. Throughout Plaintiff ORLANDO MARTINEZ's employment, Plaintiff regularly worked through his meal break. However, Defendants always deduct one hour per workday for lunch break from Plaintiff's hours, resulting in four (4) uncompensated hours each workweek.

31. Throughout Plaintiff's employment with Defendants, Plaintiff would talk with his co-workers about Defendants' time-shaving practice. Based on Plaintiff's direct observations and conversations with other employees, Plaintiff, FLSA Collective Plaintiffs and Class members all worked through their lunch breaks and were not compensated for one hour per workday due to Defendants' policy of time-shaving.

32. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff proper minimum wage and overtime compensation, due to Defendants' policy of time-shaving. FLSA Collective Plaintiffs and Class members similarly suffered from Defendants' failure to pay proper minimum wage and overtime compensation, due to time-shaving.

33. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements, which did not reflect actual hours worked, to Plaintiff and Class members as required under the New York Labor Law.

34. Defendants knowingly and willfully failed to provide proper wage and hour notice to Plaintiff and Class members at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

35. Based on Plaintiff's direct observations and conversations with other employees, Plaintiff, FLSA Collective Plaintiffs and Class members all never received proper wages statements and proper wage and hour notices.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this Class and Collective Action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, the Corporate Defendants had gross annual revenues in excess of $500,000.

41. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time-shaving.

42. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

43. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

44. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

45. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendant. Plaintiff intends to obtain these records

by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, and at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

47. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime wages due to time shaving, plus an equal amount as liquidated damages.

50. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

51. Plaintiff realleges and reavers Paragraphs 1 through 50 of this class and collective action Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

53. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for their hours worked in excess of forty hours in a workweek.

54. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff wages in the lawful amount for hours worked due to time-shaving.

55. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

56. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

57. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, unpaid overtime compensation, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b) An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of unpaid minimum wage due under the FLSA and the New York Labor Law;

d) An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e) An award of unpaid wages due under the FLSA and the New York Labor Law due to Defendants' policy of time shaving;

f) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage pursuant to 29 U.S.C. § 216;

g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and wages pursuant to the New York Labor Law;

i) An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j) Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

k) Designation of this action as a class action pursuant to F.R.C.P. 23;

l) Designation of Plaintiff as Representative of Class; and

m) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 13, 2018

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 1976)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:   */s/ C.K. Lee*
       C.K. Lee, Esq. (CL 4086)